1  STEPHEN L. BERRY (SB# 101576)
   stephenberry@paulhastings.com
2  PAUL HASTINGS LLP
   695 Town Center Drive
3  Seventeenth Floor
   Costa Mesa, California 92626-1924
4  Telephone: 1(714) 668-6200
   Facsimile: 1(714) 979-1921
5
   Attorneys for Defendant
6  ROBERTSON'S READY MIX, LTD.

7

8                UNITED STATES DISTRICT COURT

9                CENTRAL DISTRICT OF CALIFORNIA

10

11 | FERNANDO SORIANO, an individual, | CASE NO.
   | on behalf of himself and all others |
12 | similarly situated,                 | **NOTICE OF REMOVAL OF**
   |                                     | **CIVIL ACTION TO FEDERAL**
13 |         Plaintiff,                  | **COURT UNDER 28 U.S.C. §§**
   |                                     | **1331, 1441 AND 1446**
14 |    vs.                              |
   |                                     |
15 | ROBERTSON'S READY MIX, LTD, a       |
   | California Limited Partnership; and |
16 | DOES 1-50 inclusive,,               |
   |                                     |
17 |         Defendants.                 |

18

NOTICE OF REMOVAL

LEGAL_US_W # 98097637.1

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, PLAINTIFF FERNANDO SORIANO, AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT defendant ROBERTSON'S READY MIX, LTD. ("Defendant") hereby removes this action from the Superior Court of the State of California for the County of Orange to the United States District Court for the Central District of California. Defendant removes this action pursuant to 28 U.S.C. §§ 1331, 1441(a) and 1446 for the following reasons:

### Pleadings, Process, and Orders

1. On January 18, 2019, plaintiff Fernando Soriano ("Plaintiff") filed an unverified proposed class action complaint in the Superior Court of the State of California for the County of Orange, entitled: *"Fernando Soriano, an individual, on behalf of himself and all others similarly situated, Plaintiff v. Robertson's Ready Mix, Ltd., and Does 1 through 50, inclusive, Defendants,"* and designated as Case No. 30-2019-01045061-CU-OE-CXC (the "Complaint"). A true and correct copy of the summons and Complaint is attached hereto as Exhibit "A."

2. On March 5, 2019, the summons and Complaint were served on Defendant. A true and correct copy of the proof of service of summons is attached hereto as Exhibit "B." The Complaint is the initial and only pleading served on Defendant setting forth the claims for relief against Defendant upon which this action may be removed. *Id.* Therefore, this notice of removal is being timely filed pursuant to 28 U.S.C. section 1446(b).

3. On April 3, 2019, Defendant answered the Complaint. A true and correct copy of the answer is attached hereto as Exhibit "C."

4. On March 5, 2019 and on March 28, 2019, minute orders of the Orange County Superior Court were served on Defendant. A true and correct copy of the court orders dated February 4, 2019 and March 27, 2019 (the "Orders") are attached hereto collectively as Exhibit "D."

1    5.   The summons, Complaint, answer to the Complaint, and Orders
2 constitute all process, pleadings, and orders served on or by Defendant in this
3 action.
4    6.   In accordance with 28 U.S.C. section 1446(d), the undersigned counsel
5 certifies that by written notice a copy of this notice of removal and all supporting
6 papers were promptly served on Plaintiff and filed with the clerk of the Orange
7 County Superior Court. True and correct copies of the form of said notices are
8 attached hereto as Exhibits "E" and "F," respectively. Therefore, all procedural
9 requirements under 28 U.S.C. section 1446 have been satisfied.
10   7.   Venue is proper in this district pursuant to 28 U.S.C. section 1441(a)
11 because the superior court where the removed case was pending is located within
12 this district.

### Federal Question Jurisdiction

13
14   8.   A state court action may be removed to federal court if the federal
15 court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). This
16 is a civil action over which this Court has original jurisdiction under 28 U.S.C.
17 section 1331.
18   9.   In the Complaint, Plaintiff contends that Defendant failed to pay
19 Plaintiff, and the group of persons he seeks to represent, all wages owed in
20 violation of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA").
21 Specifically, Plaintiff alleges: "Plaintiff also brings this action pursuant to 29
22 U.S.C. § 216 on behalf of a Collective defined as: 'All current and former hourly,
23 non-exempt employees who worked at Defendants' facilities at any time during the
24 period of three (3) years prior to the filing of this lawsuit and ending on a date as
25 determined by the Court' (the 'FLSA Collective'). The FLSA Collective Members
26 include of all Defendants' current and former hourly employees who worked based
27 out of any of Defendants' locations throughout the United States, including in
28 California. Defendants are liable under the FLSA for, inter alia, failing to properly

compensate Plaintiff and FLSA Collective members for all hours worked." Complaint ¶ 17.

10. Accordingly, this action arises under the laws of the United States in that Plaintiff's claims in part are expressly premised on the alleged violation of a federal law, *i.e.*, the FLSA, and therefore, this action is properly removed to this Court. *See Breuer v. Jim's Concrete of Breward, Inc.*, 538 U.S. 691 (2003) (holding that complaint filed in state court but alleging violation of FLSA is removable to federal court).

### B. Plaintiffs' Remaining Claims Are Also Removable.

11. In addition, the Court has supplemental jurisdiction over the state law causes of action in the Complaint because they arise from the same facts, transactions and occurrences that give rise to the FLSA claim. *See* 28 U.S.C. § 1367(a). Consequently, considerations of judicial economy and fairness to litigants require that all of Plaintiffs' causes of actions against Defendant be litigated together in a single action. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 725-26 (1966).

12. Accordingly, this Court has federal question jurisdiction over the entire Complaint and removal is proper.

WHEREFORE, Defendant removes the above-entitled action from the Superior Court of the State of California for the County of Orange to this Court.

DATED: April 4, 2019

PAUL HASTINGS LLP

By: /s/ Stephen L. Berry
STEPHEN L. BERRY

Attorneys for Defendant
ROBERTSON'S READY MIX, LTD.