# EXHIBIT "A"

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

ROBERTSON'S READY MIX, LTD., a California Limited Partnership; and DOES 1-50 inclusive, Defendants.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

FERNANDO SORIANO, an individual, on behalf of himself and all others similarly situated, Plaintiff,

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**01/18/2019** at 11:51:29 PM
Clerk of the Superior Court
By Georgina Ramirez,Deputy Clerk

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Superior Court State of California<br><br>County of Orange - Civil Complex Center<br>751 West Santa Ana Blvd., Santa Ana, CA 92701 | CASE NUMBER:<br>*(N°)* 30-2019-01045061-CU-OE-CXC<br><br>Judge William Claster |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
China R. Rosas, Law Office of China R. Rosas, 1851 E. 1st St., Ste 900, Santa Ana, CA 92705, (714)352-4814

| | | | |
|---|---|---|---|
| DATE:<br>*(Fecha)* 01/18/2019 | DAVID H. YAMASAKI, Clerk of the Court | Clerk, by<br>*(Secretario)* *Ramirez* Georgina Ramirez | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.

2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)      ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

Page 1 of 1

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**01/18/2019** at 11:51:29 PM
Clerk of the Superior Court
By Georgina Ramirez,Deputy Clerk

China R. Rosas (State Bar No. 262171)
**LAW OFFICE OF CHINA R. ROSAS**
1851 East First Street, Suite 900
Santa Ana, CA 92705
Telephone: (714) 352-4814
Email: china@crosaslaw.com

Attorneys for Plaintiff Fernando Soriano,
on behalf of himself and all others similarly situated

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ORANGE

FERNANDO SORIANO, an individual, on behalf of himself and all others similarly situated,

Plaintiff,

v.

ROBERTSON'S READY MIX, LTD., a California Limited Partnership; and DOES 1-50 inclusive,

Defendants.

Case No:   30-2019-01045061-CU-OE-CXC

Judge William Claster

**COMPLAINT**

CX-104

**UNLIMITED CIVIL**

1) Failure to Pay Wages for Hours Worked - Violation of Labor Code §§ 204 & 218;

2) Failure to Pay Minimum Wage - Violation of Labor Code §§ 1194, 1194.2 & 1197;

3) Inaccurate Wage Statements – Violation of Labor Code § 226(a);

4) Unpaid Wages at Discharge – For Violation Of Labor Code §§ 201-203, 208;

5) Failure to Pay Overtime Wages – Violation of Labor Code §§ 510, 1194;

6) FEHA Age Harassment - Government Code§ 12900, et seq;

7) Failure to Prevent FEHA Discrimination/Harassment;

8) Intentional Infliction of Emotional Distress;

9) Failure to Provide Meal Periods and Rest Breaks or Wages in Lieu Thereof - Violation of Cal. Lab. Code §§ 226.7, 512 and Applicable IWC Wage Order;

10) Failure to Produce Adequate Wage Statement Records - Cal. Labor Code § 226(a)-(c), (f), (h) and Applicable IWC Wage Order;

LAW OFFICE OF CHINA R. ROSAS

11) Failure to Produce Employment Personnel Records - Cal. Labor Code § 1198.5(a)-(b), (k), (l) and Applicable IWC Wage Order);

12) Unlawful and Unfair Business Practices - Violation of Business And Professions Code Sections 17200 et seq.; and

13) For Representative Action Under PAGA.

**JURY TRIAL DEMANDED**

Plaintiff FERNANDO SORIANO (hereinafter "Plaintiff "), on behalf of himself  and all others similarly situated (collectively, "Employees"; individually, "Employee"), complains of Defendants, and each of them, as follows:

**PARTIES, JURISDICTION AND VENUE**

1.     Plaintiff FERNANDO SORIANO ("Plaintiff") is an individual and former non-exempt employee of Defendant ROBERTSON'S READY MIX, LTD., A CALIFORNIA LIMITED PARTNERSHIP who worked for Defendants from in or about February 2015 to on or about November 14, 2017 at one of Defendant's California plants.  Defendant ROBERTSON'S READY MIX, LTD., A CALIFORNIA LIMITED PARTNERSHIP is a producer of ready-mixed concrete and construction aggregates in the Southern California area.

2.     Plaintiff brings this action on behalf of himself and all current and former Employees within the State of California who, at any time four (4) years prior to the filing of this lawsuit, are or were employed as non-exempt, hourly employees by Defendant ROBERTSON'S READY MIX, LTD., A CALIFORNIA LIMITED PARTNERSHIP, ("Defendant" or "Robertson's") with its headquarters located in Corona, California and DOES 1 through 50 (all defendants being collectively referred to herein as "Defendants").  Plaintiff alleges that Defendants, and each of them, violated various provisions of the California Labor Code, relevant Orders of the Industrial Welfare Commission (IWC), and the California Business & Professions Code, and also brings a collective

LAW OFFICE OF CHINA R. ROSAS

1  action for Defendants' violations of the provisions of the Fair Labor Standards Act ("FLSA"),

2  including 29 U.S.C. §§ 206 and 207, and seeks redress for these violations.

3       3.     Plaintiff is a resident of California, and during the time period relevant to this

4  Complaint, was employed by Defendants as a non-exempt hourly employee within the State of

5  California at one of Defendants' plant located in California.  Plaintiff worked as a non-exempt

6  employee, and consistently worked at Defendants behest without being paid all wages due.  Plaintiff

7  and the other Class members were thus employed by Defendants during the relevant time period, with

8  Plaintiff being employed by Defendants as a non-exempt, hourly plaint employee from approximately

9  February 2015 through November 14, 2017.

10       4.     Upon information and belief, Plaintiff was employed by Defendants and (1) shared

11  similar job duties and responsibilities; (2) was subjected to the same policies and practices; and (3)

12  endured similar violations at the hands of Defendants as the other Class members who served in

13  similar and related positions at Defendants' plants and locations throughout the State of California,

14  including but not limited to Defendants plants' in San Bernardino County, Kern County, Los Angeles

15  County, Orange County, Riverside County, and Imperial County.

16       5.     This Court has jurisdiction over this Action pursuant to California Code of Civil

17  Procedure§ 410.10 and California Business & Professions Code§ 17203.  This Action is brought as a

18  Class Action on behalf of similarly situated employees of Defendants pursuant to California Code of

19  Civil Procedure § 382.  Venue as to Defendants is also proper in this judicial district pursuant to

20  California Code of Civil Procedure§ 395 et seq.  Upon information and belief, the obligations and

21  liabilities giving rise to this lawsuit occurred in California, Defendants operate numerous plants

22  throughout California where Class members have been employed, including approximately five

23  plants in Orange County, California where many class members worked.  This action may therefore

24  be venued in Orange County.

25       6.     The true names and capacities, whether individual, corporate, associate, or whatever

26  else, of the Defendants sued herein as Does 1 through 50, inclusive, are currently unknown to

27  Plaintiff, who therefore sues these Defendants by such fictitious names under Code of Civil

28  Procedure§ 474.  Plaintiff is informed and believes and thereon alleges that Defendants designated

LAW OFFICE OF CHINA R. ROSAS

1   herein as Does 1 through 50, inclusive, and each of them, are legally responsible in some manner for

2   the unlawful acts referred to herein.  Plaintiff will seek leave of court to amend this Complaint to

3   reflect the true names and capacities of the Defendants designated herein as Does I through 50 when

4   their identities become known.

5       7.      Plaintiff is informed and believes and thereon alleges that each Defendant acted in all

6   respects pertinent to this action as the agent of the other Defendants, that Defendants carried out a

7   joint scheme, business plan, or policy in all respects pertinent hereto, and that the acts of each

8   Defendant are legally attributable to the other Defendants.  Furthermore, Defendants acted in all

9   respects as the employers or joint employers of Employees.

10      8.      At all times relevant hereto, Defendants employed persons and conducted business

11  operations in California.  Defendants are therefore subject to the provisions of the California Labor

12  Code, the applicable Wage Order(s) issued by the Industrial Welfare Commission ("IWC"), the

13  California Business and Professions Code Sections 17200 et seq. ("Unfair Competition Law" or

14  "UCL") and other relevant California law.

15      9.      Plaintiff is informed and believes, and based thereon, alleges that each of the

16  Defendants was a managing general partner, and/or a managing member, and/or an owner, and/or co-

17  owner, and/or a partner, and/or an employee, and/or a representative of each of the defendants and

18  was at all times material hereto, acting within the purpose and scope of such employment, contract

19  and/or representation, and that each of them is jointly and severally liable to Plaintiff.

20      10.     Plaintiff is informed and believes, and based thereon, alleges that at all times herein

21  mentioned, the acts and omissions of various Defendants, and each of them, concurred and

22  contributed to the various acts and omissions of each and all of the other defendants in proximately

23  causing the injuries and damages as herein alleged.

24      11.     Plaintiff is informed and believes, and based thereon, alleges that at all times herein

25  mentioned, Defendants, and each of them, ratified each and every act or omission complained of

26  herein.  At all times herein mentioned, the Defendants, and each of them, aided and abetted the acts

27  and omissions of each and all of the other defendants in proximately causing the damages as herein

28  alleged.

LAW OFFICE OF CHINA R. ROSAS

12. Plaintiff is informed and believes, and based thereon, alleges that Defendants, and each of them, aided and abetted, encouraged, and rendered substantial assistance to the other Defendants in breaching their obligations to Plaintiff, as alleged herein. In taking action, as alleged herein, to aid and abet and substantially assist the commission of these wrongful acts and other wrongdoing complained of, each of the Defendants acted with an awareness of its/his/her primary wrongdoing and realized that its/his/her conduct would substantially assist the accomplishment of the wrongful conduct, wrongful goals, and wrongdoing. Defendants, and each of them, also knowingly and willfully conspired to do the acts and things herein alleged pursuant to, and in furtherance of, the conspiracy.

13. Plaintiff is informed and believes, and based thereon, alleges that whenever and wherever reference is made in this Complaint to any act or failure to act by a defendant or co-defendant, such allegations and references shall also be deemed to mean the acts and/or failures to act by each defendant acting individually, jointly and severally.

14. Plaintiff is informed and believes, and based thereon, alleges that whenever reference is made in this Complaint to any act of any corporate or other entity defendant, such allegations shall mean that such defendant did the acts alleged in the Complaint through its officers, directors, employees, agents and/or representatives while they were acting within the actual or ostensible scope of their authority. Each employee of each defendant was acting within the course and scope of his or her agency.

## CLASS ALLEGATIONS

15. Plaintiff brings this action pursuant to Code of Civil Procedure § 382 on behalf of himself and the Class and Subclasses described below. The Class is comprised of and defined as:

> All current and former employees of Robertson's who were employed as non-exempt employees at any of Robertson's locations anywhere in California at any time during the period of four (4) years prior to the filing of this lawsuit and ending on a date as determined by the Court (hereinafter "the Class Period") and who are included in one or more of the Subclasses described below.

16. In addition to the Class described above, Plaintiff seeks certification of the Subclasses defined below:

a.   ***Rounded Shift Start Time Subclass***: All class members who used a time clock to clock in and out of work for Robertson's and whose scheduled shift start times were rounded by Robertson's;

b.   ***Rounded Time Wage Statement Subclass***: All class members who received one or more wage statements from Robertson's during that period showing hours of work based on rounded clock times;

c.   ***Final Wage Subclass***: All class members who used a time clock to clock in and out of work for Robertson's and whose time was rounded by Robertson's; and

d.   ***UCL Subclass:*** All class members who are owned restitution as a result of Defendants' business acts and practices, to the extent such acts and practices are found to be unlawful, deceptive, and/or unfair.

17.   Plaintiff also brings this action pursuant to 29 U.S.C. § 216 on behalf of a Collective defined as: "All current and former hourly, non-exempt employees who worked at Defendants' facilities at any time during the period of three (3) years prior to the filing of this lawsuit and ending on a date as determined by the Court" (the "FLSA Collective"). The FLSA Collective Members include all Defendants' current and former hourly employees who worked based out of any of Defendants' locations throughout the United States, including in California. Defendants are liable under the FLSA for, inter alia, failing to properly compensate Plaintiff and FLSA Collective memhers for all hours worked.

18.   Plaintiff reserves the right under California Rule of Court 3.765 to amend or modify the Class description or the Subclass descriptions with greater particularity or to allege further division into subclasses or limitation to particular issues. To the extent equitable tolling operates to toll claims by the Class against Defendants, the Class Period should be adjusted accordingly.

19.   Defendants, as a matter of company policy, practice and procedure, and in violation of applicable Labor Code sections, IWC Wage Order paragraphs, and other pertinent provisions of California law, intentionally, knowingly, and willfully engaged in a practice whereby Defendants failed to correctly calculate compensation for the time worked by Plaintiff and the other members of the Class, even though Defendants enjoyed the benefit of this work, required Employees to perform

1   this work and permitted or suffered to permit this work. Defendants have uniformly denied these

2   Class members wages to which they are entitled in order to unfairly cheat the competition and

3   unlawfully profit.

4        20.    This action has been brought and may properly be maintained as a class action under

5   the provisions of Code of Civil Procedure § 382 because there is a well-defined community of

6   interest in the litigation. The proposed Class is also easily ascertained from the records Defendants

7   are required to maintain for Plaintiff and the Class members.

8        21.    There exists a well-defined community of interest among the Class and Subclasses,

9   and the Class and Subclasses are readily ascertainable for the following reasons:

10        a.    The members of the Class and Subclasses are so numerous that joinder of all members

11   in a single action would not be feasible or practical. Plaintiff alleges on information and belief and,

12   based thereon, allege that the members of the Class and Subclasses exceed one hundred (100)

13   persons.

14        b.    The Plaintiff's claims are typical of the claims of the rest of the Class and Subclasses,

15   and Plaintiff will fairly and adequate represent the interests of the Class and Subclasses.

16        c.    Common issues of fact or law predominate in this action over any allegedly individual

17   issues. Specifically, the following common issues of fact or law predominate and make this action

18   superior to individual actions:

19        (i)    whether Plaintiff and the rest of the Class and Subclasses are entitled to recover

20        damages, penalties or other equitable relief on the grounds that Defendant has used uniform

21        policies and procedures that have consistently violated California labor laws and regulations

22        and caused Plaintiff and rest of the Class and Subclasses to suffer the same or similar injuries;

23        (ii)    whether Defendant has failed to pay regular (non-overtime) wages to Plaintiff and the

24        rest of the Class and Subclasses for all hours worked, in violation of Labor Code Section 204;

25        (iii)    whether Defendant has failed to pay minimum wages to Plaintiff and the rest of the

26        Class and Subclasses for all hours worked, in violation Labor Code Section 1197 and the

27        IWC's General Minimum Wage Order;

28

LAW OFFICE OF CHINA R. ROSAS

(iv) whether Defendant has failed to pay overtime wages to Plaintiff and the rest of the Class and Subclasses for all hours worked, in violation of the Labor Code Section  and the IWC's Wage Order;

(v)     whether Defendant has failed to provide accurate, itemized wage statements to Plaintiff and the rest of the Class and Subclasses, as required by Labor Code Section 226(a);

(vi)    whether Defendant has failed to pay wages due Plaintiff and the rest of the Class and Subclasses immediately upon the member of the Class being discharged or within seventy-two (72) hours of the member quitting, as required by Labor Code Sections 201 and 202; and

(vii)   whether Defendant's practices have constituted unfair, fraudulent, or illegal business practices under Business and Professions Code Sections 17200 et seq.

22.    California labor laws under which Plaintiff asserts the following causes of action on behalf of himself and the rest of the Class and Subclasses are broadly remedial in nature.  These labor laws serve an important public interest in establishing minimum working conditions and standards in California.  They furthermore protect employees from exploitation by employers who may seek to take advantage of their superior economic and bargaining power in setting onerous terms and conditions of employment.  The class action mechanism is a particularly efficient and appropriate procedure to redress the injuries alleged herein.  If each employee in the Class and Subclasses was required to file an individual action, Defendant would be able to use its superior financial and legal resources to gain an unfair advantage over each individual class member.  Moreover, requiring each class member to pursue an individual action would also discourage the assertion of meritorious causes of action by employees who would likely be disinclined to file such individual actions due to a justifiable fear of retaliation and damage to their careers at subsequent employment.

23.    In addition, even if feasible, individual actions by each member of the Class and Subclasses would create a substantial risk (i) of inconsistent or varying adjudications with respect to the claims of each member against Defendant, which in turn could establish potentially incompatible standards of conduct for Defendant, and/or (ii) of adjudications with respect to individual members that would , as a practical matter, be dispositive of the interests of the other members.  Furthermore, the claims of each individual member of the Class and Subclasses are not sufficiently large to make it

economically feasible to bring each member's claims on an individual basis.  Pursuant to Labor Code Section 2699.3, Plaintiff is also bringing this action as a non-class, representative action under the Labor Code Private Attorneys General Act of 2004, Labor Code Sections 2698 *et seq.* ("PAGA"), on behalf of the Labor and Workforce Development Agency ("LWDA") and aggrieved employees for civil penalties based on violations of the Labor Code and the applicable Wage Order(s) of the IWC committed with respect to Plaintiff and all other aggrieved employees.

## GENERAL ALLEGATIONS

24.     During the Class period and limitations period under PAGA, Defendant employed Plaintiff and the rest of the Class, Subclasses and aggrieved employees as non-exempt, hourly-paid employees at Defendant's business locations throughout California. Plaintiff alleges that said Defendant adopted and maintained uniform policies, practices and procedures governing the working conditions of, and payment of wages to, to Plaintiff and the rest of the Class, Subclasses and aggrieved employees.  As alleged below, Defendant's uniform policies, practices and procedures violated California's labor laws and constituted unfair, fraudulent or illegal business practices under Business & Professions Code Sections 17200 et seq.

25.     Specifically, among other things, during the Class period and limitations period under PAGA, Defendant committed various violations of California's Labor Code and the applicable IWC Wage Order, including but not limited to:

a.     Failure to Pay All Regular Wages Due:  Defendant failed to pay for all regular (non-overtime) wages due Plaintiff and the rest of the Class, Subclasses and aggrieved employees. Specifically and without limitation, during the Class period and limitations period under PAGA, Plaintiff is informed and believes and, on that basis alleges, that Defendant adopted a uniform policy and practice of (i) "rounding," adjusting, or editing time recorded as worked by Plaintiff and the rest of the Class, Subclasses and aggrieved employees and (ii) deducting time worked by Plaintiff and the rest of the Class, Subclasses and aggrieved employees.  On information and belief, this rounding policy or practice consistently favored Robertson's and resulting in Plaintiff and the rest of the Class, Subclasses and aggrieved employees being systematically undercompensated.

b.   <u>Failure to Pay Minimum Wage:</u>  Defendant failed to pay minimum wages required by California law for all time worked by Plaintiff and the rest of the Class, Subclasses and aggrieved employees as a consequence, among other things, of the above-mentioned time "rounding," adjusting or editing of hours actually worked.

c.   <u>Failure to Pay Overtime Wages:</u>  Defendant failed to pay overtime wages required by California law for all time worked by Plaintiff and the rest of the Class, Subclasses and aggrieved employees as a consequence, among other things, of the above-mentioned time "rounding," adjusting or editing of hours actually worked.

d.   <u>Failure to Furnish Accurate and Complete Wage Statements:</u>  Defendant failed to provide accurate and complete wage statements to Plaintiff and the rest of the Class, Subclasses and aggrieved employees as a consequence, among other things, of the above-mentioned time "rounding," adjusting or editing.  In addition, during the Class period and limitation period under PAGA, Defendant furnished paystubs or wage statements to Plaintiff and other Class members and aggrieved employees which failed to include all of the items of information required by Labor Code Section 226(a)(1)-(9).  On information and belief, Defendant had a policy and practice of providing wage statements showing inaccurate gross wages, inaccurate net wage, and inaccurate number of hours worked.

e.   <u>Waiting Time Penalties:</u>  Defendant failed to pay final wages due Plaintiff and other former employees in the Class, Subclasses and group of aggrieved employees on a timely basis immediately upon the employee being discharged or within seventy-two (72) hours of the member quitting.  Specifically and without limitation, during the Class period and limitations period applicable to PAGA, Defendant failed to pay all wages due Plaintiff and the rest of the Class, Subclasses and aggrieved employees as a consequence, among other things, of the above-mentioned time "rounding," adjusting or editing.  In addition, on information and belief, Defendant violated Labor Code Section 208 by adopting a policy or practice of not paying final wages to terminated or resigned employees at a location authorized by Section 208.

**ADDITIONAL INDIVIDUAL ALLEGATIONS**

26.     Plaintiff was employed by Defendant from in or about February 2015 to November 2017.  During that time period, Plaintiff performed various job duties for Defendants, including maintenance work, and performed his duties competently.

27.     At all times relevant to this lawsuit, Plaintiff was over forty (40) years of age.

28.     Plaintiff was harassed and subject to a hostile work environment, including discrimination and harassment, because of his age.

29.     During the time period when Plaintiff was employed by and working for Defendants, Plaintiff was subject to regular and repeated incidents of discrimination and harassment based on age by Defendants, supervisors, and various other fellow employees.

30.     The conduct of all Defendants as complained of herein was unwelcome and inappropriate.

31.     Upon information and belief, Defendants failed to take all reasonable steps to prevent the harassment, discrimination and hostile work environment from occurring.

32.     During Plaintiff's employment with Defendants, among the other wage and hour violations discussed above, Plaintiff was either not provided a lunch break or was made to work through her lunch break even though he was off-the-clock.  Plaintiff was also not provided her rest breaks as mandated by California law.

33.     Plaintiff maintains Defendants' actions in failing to provide her with meal and rest breaks, Defendants' failure to pay overtime wages at the appropriate rate of pay, and Defendants' failure to maintain accurate wage records and proper payroll records all constitute unfair business practices on behalf of Defendants. Such unfair business practices allow Defendants to remain competitive and enjoy profits otherwise not available to them had Defendants followed the proper laws of the State of California.

34.     Plaintiff is informed and believes, and thereon alleges, that Defendants have engaged in other illegal and wrongful acts, which are currently unknown to Plaintiff.  Upon discovery of such wrongful acts, Plaintiff will amend this Complaint to allege these unknown illegal and wrongful acts and omission committed by Defendants.

35.     Pursuant to the California *Labor Code,* California Law and applicable Wage

LAW OFFICE OF CHINA R. ROSAS

LAW OFFICE OF CHINA R. ROSAS

1  Orders, Plaintiff is entitled to all damages, unpaid wages, statutory penalties, waiting time

2  penalties, interest, and attorney's fees and costs for the illegal and wrongful acts and omissions

3  of Defendants, as alleged throughout this Complaint.

4      36.    Plaintiff has exhausted his administrative remedies with California Department of

5  Fair Employment and Housing.  On October 29, 2018, Plaintiff filed a complaint with the California

6  Department of Fair Employment and Housing against Defendants and received an immediate

7  "Right-to-Sue" notice from said department, allowing him to pursue his civil claims.    This

8  complaint is therefore timely filed.

9

**FIRST CAUSE OF ACTION**
**FAILURE TO PAY WAGES FOR HOURS WORKED –**
**VIOLATION OF LABOR CODE §§ 204 & 218**
**(Against all Defendants)**

10

11

12     37.    Plaintiff repeats and re-alleges each and every allegation contained in all previous and

13  subsequent paragraphs of this Complaint, and incorporates the same by reference as though fully set

14  forth herein.

15     38.    During the Class period and limitations period applicable to PAGA, Labor Code

16  Section 204 applied to Defendant's employment of Plaintiff and the rest of the Class, Rounded Shift

17  Start Time Subclass and aggrieved employees.  At all times relevant hereto, Labor Code Section 204

18  provided that all wages earned by any employee, such as a member of the Class, Rounded Shift Start

19  Time Subclass or group of aggrieved employees, in any employment between the 1st and 15th days,

20  inclusive, of any calendar month, other than those wages due upon termination of an employee, are

21  due and payable between the 16th and 26th day of the month during which the work was performed.

22  Furthermore, at all times relevant hereto, Labor Code Section 204 provided that all wages earned by

23  any employee, such as a member of the Class, Subclass or group of aggrieved employees, in any

24  employment between the 16th and last day, inclusive, of any calendar month , other than those wages

25  due upon termination of an employee, are due and payable between the 1st and 4th day of the

26  following month.

27     39.    During the Class period and PAGA limitations period, Defendant failed to pay

28  Plaintiff and the rest of the Class, Subclass and group of aggrieved employees' wages for all regular

12
Complaint

1   hours worked.  Specifically, and without limitation, during the Class period and PAGA limitations
2   period, Plaintiff is informed and believes and, on that basis alleges, that Defendant adopted a uniform
3   policy and practice of "rounding," adjusting or editing time recorded as worked by Plaintiff and the
4   rest of the Class, Subclass and group of aggrieved employees.  As a consequence, Defendant
5   underpaid the regular hours of Plaintiff and the rest of the Class, Subclass and group of aggrieved
6   employees.

7       40.     In summary, during the Class period and PAGA limitations period, Defendant failed to
8   pay Plaintiff and the rest of the Class, Rounded Shift Start Time Subclass and aggrieved employees
9   for regular wages earned and therefore violated Labor Code Section 204.  Accordingly, Plaintiff and
10  the rest of the Class and Subclass are entitled to recover all damages and statutory penalties available
11  for violation of Labor Code Sections 204.  Specifically, Labor Code Section 218 authorizes a private
12  right of action for violations of Labor Code Section 204.  Pursuant to Labor Code Section 218,
13  Plaintiff seeks to recover such relief for violation of Section 204 on behalf of himself and the rest of
14  the Class and Subclass.  In addition, the LWDA, Plaintiff and other aggrieved employees are entitled
15  to recover civil penalties under PAGA pursuant to the Labor Code, including twenty-five percent
16  (25%) of the amount of regular wages unlawfully withheld.

### SECOND CAUSE OF ACTION
### FAILURE TO PAY MINIMUM WAGE –
### VIOLATION OF LABOR CODE §§ 1194, 1194.2 & 1197
### AND THE APPLICABLE IWC ORDER
### (Against all Defendants)

21      41.     Plaintiff repeats and re-alleges each and every allegation contained in all previous and
22  subsequent paragraphs of this Complaint, and incorporates the same by reference as though fully set
23  forth herein.

24      42.     During the Class period and PAGA limitations period, Labor Code Section 1197 and
25  the IWC's General Minimum Wage Order applied to Defendant's employment of Plaintiff and the
26  rest of the Class, Rounded Shift Start Time Subclass and group of aggrieved employees.  At all times
27  relevant hereto, Labor Code Section 1197 provided that "[t]he minimum wage for employees fixed by
28  the commission is the minimum wage to be paid to employees, and the payment of a less wage than

LAW OFFICE OF CHINA R. ROSAS

1   the minimum so fixed is unlawful." In turn, the IWC has adopted a General Minimum Wage Order

2   fixing a minimum wage to be paid to employees.

3       43.    During the Class period and the PAGA limitations period, Defendant violated Labor

4   Code Section 1197 and the General Minimum Wage Order by, among other things and without

5   limitation , paying less than the minimum wage to Plaintiff and the other Class members and

6   aggrieved employees as a consequence of improperly "rounding," adjusting or editing the time

7   recorded by or for Plaintiff and other Class members and aggrieved employees.

8       44.    Under Labor Code Section 1194, Plaintiff and the rest of the Class and Rounded Shift

9   Start Time Subclass are entitled to recover the unpaid balance of the full amount of minimum wage

10   owed, including interest thereon, reasonable attorney's fees, and costs of suit. Furthermore, under

11   Labor Code Section 1194.2, Plaintiff and the rest of the Class and Subclass are entitled to recover

12   liquidated damages in an amount equal to the minimum wages unlawfully unpaid and interest

13   thereon. On information and belief, Plaintiff also alleges that Defendant intentionally failed to pay

14   the minimum wage due Plaintiff and other Class members and aggrieved employees, and, therefore,

15   the LWDA, Plaintiff and the rest of the aggrieved employees are entitled to recover civil penalties

16   pursuant to Labor Code Section 1197.1.

17   
18   
19   

**THIRD CAUSE OF ACTION**
**INACCURATE WAGE STATEMENTS –**
**FOR VIOLATION OF LABOR CODE § 226(A)**
**(Against all Defendants)**

20       45.    Plaintiff repeats and re-alleges each and every allegation contained in all previous and

21   subsequent paragraphs of this Complaint, and incorporates the same by reference as though fully set

22   forth herein.

23       46.    During the Class period and PAGA limitations period, Labor Code Section 226(a)

24   applied to Defendant's employment of Plaintiff and the rest of the Class, Rounded Time Wage

25   Statement Subclass, and aggrieved employees. At all times relevant hereto, Labor Code Section

26   226(a) required that employers such as Defendant furnish to their employees, semi-monthly or at the

27   time of each payment of wages, an accurate and complete itemized statement in writing showing all

28   of the items of information required by Labor Code Section 226(a)(1)-(9).

---

14

Complaint

47.     Plaintiff is informed and believes and, based thereon, alleges that, during the Class period and PAGA limitations period, Defendant knowingly and intentionally failed to provide such accurate and complete itemized wage statements to Plaintiff and the rest of the Class members and aggrieved employees, in that such statements failed to show accurately all hours worked, the gross and net wages earned and all applicable hourly rates and therefore Defendant violated Labor Code Section 226(a). The wage statements furnished to Plaintiff and the other Class members and aggrieved employees were inaccurate, for among others reasons, because Defendant improperly "rounded," adjusted or edited the time recorded by or for Plaintiff and other Class members and aggrieved employees. By failing to pay for all hours worked by Plaintiff and other Class members and aggrieved employees, Defendant underpaid the actual amount of regular hours worked by Plaintiff and the rest of the Class and aggrieved employees. Plaintiff and the rest of the Class members and aggrieved employees suffered injury as a result of Defendant's failure to comply with Labor Code Section 226(a).

48.     Accordingly, pursuant to Labor Code Section 226(e), Plaintiff and each member of the Class, Rounded Time Wage Statement Subclass are entitled to recover from Defendant fifty dollars ($50) for the initial violation of Labor Code Section 226(a) and one hundred dollars ($100) for each subsequent violation, up to a maximum of $4,000 per member or actual damages (whichever is greater). In addition, the LWDA, Plaintiff and other aggrieved employees are entitled to recover civil penalties under PAGA pursuant to Labor Code Sections 2699(f) and 226.3.

**FOURTH CAUSE OF ACTION**
**UNPAID WAGES AT DISCHARGE –**
**FOR VIOLATION OF LABOR CODE §§ 201-203, 208**
**(Against all Defendant)**

49.     Plaintiff repeats and re-alleges each and every allegation contained in all previous and subsequent paragraphs of this Complaint, and incorporates the same by reference as though fully set forth herein.

50.     During the Class period and limitations period under PAGA, Labor Code Sections 201 and 202 applied to Defendant" employment of Plaintiff and the rest of the Class, Final Wage Subclass and aggrieved employees. At all times relevant hereto, Labor Code Section 201 provided

LAW OFFICE OF CHINA R. ROSAS

1    that, if an employer such as Defendant discharged an employee such as a member of the Class,

2    Subclass or group of aggrieved employees, the wages earned and unpaid at the time of discharge were

3    due and payable immediately.  Furthermore, Labor Code Sections 202 provided that, if an employee

4    such as a member of the Class, Subclass or group of aggrieved employees voluntarily left his or her

5    employment, the wages earned and unpaid must be paid by the employer within seventy-two (72)

6    hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her

7    intention to leave, in which case the employee is entitled to receive his or her wages immediately at

8    the time of quitting.

9         51.     Plaintiff is informed and believes and, based thereon, alleges that, during the Class

10   period and PAGA limitations period, Defendant willfully failed to pay former employees in the Class,

11   Final Wage Subclass and group of aggrieved employees their earned and unpaid wages, either at the

12   time of their discharge or within seventy-two (72) hours of their quitting. Defendant therefore

13   violated Labor Code Section 201 and 202.

14        52.     As alleged above, by failing to pay for all hours worked by Plaintiff and other Class

15   members and aggrieved employees, Defendant underpaid the actual amount of regular and overtime

16   hours worked by Plaintiff and the rest of the Class, Final Wage Subclass and group of aggrieved

17   employees.  These unpaid amounts were still owing to former employees in the Class, Subclass and

18   group of aggrieved employees when they ended their employment with Defendant.  Consequently,

19   Defendant failed to timely pay all wages due former employees in the Class, Final Wage Subclass

20   and group of aggrieved employees at the time that their employment ended.  In addition, with respect

21   to those final wages which Defendant paid, Defendant were late in paying such final wages to

22   discharged or quitting employees in the Class, Final Wage Subclass and group of aggrieved

23   employees, including Plaintiff.  Furthermore, on information and belief, Defendant violated Labor

24   Code Section 208 by adopting a policy or practice of not paying final wages to terminated or resigned

25   employees at a location authorized by Section 208.

26        53.     During the Class period and PAGA limitations period, Labor Code Section 203

27   provided that, if employers such as Defendant willfully fail to pay any wages of an employee who is

28   discharged or who quits, the wages of the employee shall continue as a penalty from the due date

thereof at the same rate until paid or until an action therefor is commenced, but the wages shall not continue for more than thirty (30) days.  Accordingly, pursuant to Labor Code Section 203, Class members who were discharged or who quit during the Class period are entitled to receive their wages for each day they were not paid, at their regular rate of pay, up to a maximum of thirty (30) days. In addition, pursuant to Labor Code Sections 2699(t) and 256, the LWDA, Plaintiff and other aggrieved employees are entitled to receive civil penalties based upon the violation of Labor Code Sections 201-202.

### FIFTH CAUSE OF ACTION
### FAILURE TO PAY OVERTIME WAGES –
### VIOLATION OF LABOR CODE §§ 510, 1194
### (Against All Defendants)

54.     Plaintiff repeats and re-alleges each and every allegation contained in all previous and subsequent paragraphs of this Complaint, and incorporates the same by reference as though fully set forth herein.

55.     California Labor Code § 1194 provides that "any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit." The action may be maintained directly against the employer in an employee's name without first filing a claim with the Department of Labor Standards and Enforcement.

56.     By their conduct, as set forth herein, Defendants violated California Labor Code § 510 (and the relevant orders of the Industrial Welfare Commission) by failing to pay Employees: (a) time and one-half their regular hourly rates for hours worked in excess of eight (8) hours in a workday or in excess of forty (40) hours in any workweek or for the first eight (8) hours worked on the seventh day of work in any one workweek; or (b) twice their regular rate of pay for hours worked in excess of twelve (12) hours in any one (1) day or for hours worked in excess of eight (8) hours on any seventh day of work in a workweek.  On information and belief, Defendants had a consistent policy of not paying Employees wages for all hours worked, including all overtime pay.

57.     On information and belief, Defendants thus had a consistent policy of not paying Employees wages for all hours worked.  On information and belief, Employees were not properly

LAW OFFICE OF CHINA R. ROSAS

1   compensated, nor were they paid the correct overtime rates for all hours worked in excess of eight

2   hours in a given day, and/or forty hours in a given week. Defendants, and each of them, have thus

3   intentionally and improperly rounded, changed, adjusted and/or modified certain employees' hours,

4   including Plaintiffs, to avoid payment of both regular and overtime wages and other benefits in

5   violation of the California Labor Code and California Code of Regulations and the IWC Wage Orders

6   and guidelines set forth by the Division of Labor Standards and Enforcement.

7        58.    Defendants' failure to pay Plaintiff and the Class members the unpaid balance of

8   regular wages owed and overtime compensation, as required by California law, violates the

9   provisions of Labor Code§§ 510 and 1198, and is therefore unlawful.

10        59.    Additionally, Labor Code§ 558(a) provides "any employer or other person acting on

11   behalf of an employer who violates, or causes to be violated, a section of this chapter or any

12   provisions regulating hours and days of work in any order of the IWC shall be subject to a civil

13   penalty as follows:  (1) For any violation, fifty dollars ($50) for each underpaid employee for each

14   pay period for which the employee was underpaid in addition to an amount sufficient to recover

15   underpaid wages. (2) For each subsequent violation, one hundred dollars ($100) for each underpaid

16   employee for each pay period for which the employee was underpaid in addition to an amount

17   sufficient to recover underpaid wages. (3) Wages recovered pursuant to this section shall be paid to

18   the affected employee." Labor Code§ 558(c) states, "the civil penalties provided for in this section

19   are in addition to any other civil or criminal penalty provided by law." Defendants have violated

20   provisions of the Labor Code regulating hours and days of work as well as the IWC Wage Orders.

21   Accordingly, Plaintiff and the Class members seek the remedies set forth in Labor Code§ 558.

22        60.    Defendants' failure to pay compensation in a timely fashion also constituted a

23   violation of California Labor Code§ 204, which requires that all wages shall be paid semimonthly.

24   From four (4) years prior to the filing of this lawsuit to the present, in direct violation of that

25   provision of the California Labor Code, Defendants have failed to pay all wages and overtime

26   compensation earned by Employees.  Each such failure to make a timely payment of compensation to

27   Employees constitutes a separate violation of California Labor Code§ 204.

28

61.     Employees have been damaged by these violations of California Labor Code §§ 204 and 510 (and the relevant orders of the Industrial Welfare Commission).

62.     Consequently, pursuant to California Labor Code, including Labor Code§§ 204, 510, 558, 1194, 1198 (and the relevant orders of the Industrial Welfare Commission), Defendants are liable to Employees for the full amount of all their unpaid wages and overtime compensation, with interest, plus their reasonable attorneys' fees and costs, as well as the assessment of any statutory penalties against Defendants, and each of them, and any additional sums as provided by the Labor Code and/or other statutes.

## SIXTH CAUSE OF ACTION
### FEHA AGE HARASSMENT - GOVERNMENT CODE§ 12900, ET SEQ.
### (Against All Defendants)

63.     Plaintiff repeats and re-alleges each and every allegation contained in all previous and subsequent paragraphs of this Complaint, and incorporates the same by reference as though fully set forth herein.

64.     At all times relevant to this matter, the Fair Employment and Housing Act and Government Code § 12940 were in full force and effect and binding on Defendants.  At all times relevant to this matter, Defendants were prohibited by California Government Code § 12940, et seq., among other California statutes, from subjecting Plaintiff to a hostile work environment based on his age (actual or perceived).

65.     Defendants subjected Plaintiff to harassment and/or ratified discriminatory and harassing conduct towards Plaintiff which also amounted to a continuing violation.

66.     The harassing conduct was severe and/or pervasive.

67.     A reasonable person in Plaintiff's circumstance would have considered the work environment to be hostile or abusive.

68.     Plaintiff considered the work environment to be hostile or abusive.

69.     On information and belief, Plaintiff's supervisors, managers and coworkers engaged in the conduct, and Defendants knew or should have known of the conduct and failed to take immediate and appropriate corrective action.

LAW OFFICE OF CHINA R. ROSAS

70.     The above described conduct was severe and/or pervasive and created an intimidating, hostile and offensive work environment and was unwanted, unwelcome, and uninvited, and violated Government Code Section 12940 et seq.

71.     Plaintiff was harmed.

72.     The conduct was a substantial factor in causing Plaintiffs harm.

73.     As an actual and proximate result of the aforementioned violations, Plaintiff has been harmed in an amount according to proof.

74.     On information and belief, the above described actions were perpetrated and/or ratified by a managing agent or officer of Defendants.  These acts were done with malice, fraud, oppression, and in reckless disregard of Plaintiffs rights.  Further, said actions were despicable in character and warrant the imposition of punitive damages against Defendant in a sum sufficient to punish and deter Defendant's future conduct.

75.     Defendants' conduct, as alleged, violated FEHA, Government Code section 12900, et seq., and Defendants committed unlawful employment practices, including by the following, separate bases for liability:

a.     Harassing Plaintiff and/or creating a hostile work environment, in whole or in part on the basis of Plaintiff's age and/or other protected characteristics, in violation of Government Code section 12940(j);

b. Failing to take all reasonable steps to prevent discrimination, harassment, and/or retaliation based on age, in violation of Government Code section 1 2940(k).

76.     As a proximate result of Defendants' willful, knowing, and intentional harassment of Plaintiff, Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

77.     As a proximate result of Defendants' willful, knowing, and intentional harassment of Plaintiff, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to his damage in a sum according to proof.

78.     Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Government Code section 12965(b), plaintiff is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

79.     Defendants' misconduct was committed intentionally, in a malicious, despicable, oppressive, and fraudulent manner, entitling Plaintiff to punitive damages against defendants.

**SEVENTH CAUSE OF ACTION**
**FAILURE TO PREVENT FEHA DISCRIMINATION/HARASSMENT**
**(Violation of FEHA Government Cod e§ 12940(k)**
**(Against All Defendants)**

80.     Plaintiff repeats and re-alleges each and every allegation contained in all previous and subsequent paragraphs of this Complaint, and incorporates the same by reference as though fully set forth herein.

81.     At all times herein mentioned, FEHA, Government Code section 12940(k), was in full force and effect and was binding on defendants.  This statute states that it is an unlawful employment practice in California for an employer "to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring."  Prior to filing the instant Complaint, Plaintiff filed a timely administrative charge with the DFEH and received a right-to-sue letter.

82.     During the course of Plaintiff's employment, Defendants failed to prevent their employees from engaging in intentional actions that resulted in Plaintiff being treated less favorably because of Plaintiff's protected status (i.e., his age).  During the course of Plaintiff's employment, Defendants failed to prevent their employees from engaging in unjustified employment practices against employees in such protected class(es).  During the course of Plaintiff's employment, Defendants failed to prevent a pattern and practice by their employees of intentional discrimination and harassment on the bases of age and/or other protected statuses or protected activities.

83.     Plaintiff believes and on that basis alleges that his age and/or other protected status and/or protected activity were substantial motivating factors in defendants' employees' discrimination against him.

84.     As a proximate result of Defendants' willful, knowing, and intentional misconduct, Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

85.     As a proximate result of Defendants' willful, knowing, and intentional misconduct, plaintiff has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to his damage in a sum according to proof.

86.     Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Government Code section 12965(b), Plaintiff is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

87.     Defendants' misconduct was committed intentionally, in a malicious, despicable, oppressive, and fraudulent manner , entitling plaintiff to punitive damages against defendants.

### EIGHTH CAUSE OF ACTION
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (Against All Defendants and Does I to 100, Inclusive)

88.     Plaintiff repeats and re-alleges each and every allegation contained in all previous and subsequent paragraphs of this Complaint, and incorporates the same by reference as though fully set forth herein.

89.     Defendants' discriminatory, harassing, and retaliatory actions against Plaintiff constituted severe and outrageous misconduct and caused plaintiff extreme emotional distress.

90.     Defendants were aware that treating plaintiff in the manner alleged above, including harassing Plaintiff on the basis of his age, would devastate plaintiff and cause him extreme hardship.

91.     As a proximate result of Defendants' extreme and outrageous conduct, plaintiff has suffered and continues to suffer severe emotional distress.  Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits as a result of being emotionally distressed.

92.      As a proximate result of defendants' extreme and outrageous conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

LAW OFFICE OF CHINA R. ROSAS

1    93.    Defendants' misconduct was committed intentionally, in a malicious, oppressive

2    manner, entitling plaintiff to punitive damages.

3                           **NINTH CAUSE OF ACTION**

4              **FAILURE TO PROVIDE MEAL PERIODS AND REST BREAKS**
          **OR WAGES IN LIEU THEREOF - VIOLATION OF CAL. LAB. CODE**
5                  **§§ 226.7, 512 AND APPLICABLE IWC WAGE ORDER**

6                          **(Against All Defendants)**

7    94.    Plaintiff repeats and re-alleges each and every allegation contained in all previous and

8    subsequent paragraphs of this Complaint, and incorporates the same by reference as though fully set

9    forth herein.

10    95.    California Labor Code Section 512 provides: "An employer may not employ an

11    employee for a work period of more than five hours per day without providing the employee with a

12    meal period of not less than 30 minutes, except that if the total work period per day of the employee

13    is no more than six hours, the meal period may be waived by mutual consent of both the employer

14    and employee.  An employer may not employ an employee for a work period of more than 10 hours

15    per day without providing the employee with a second meal period of not less than 30 minutes,

16    except that if the total hours worked is no more than 12 hours, the second meal period may be waived

17    by mutual consent of the employer and the employee only if the first meal period was not waived."

18    96.    The applicable IWC Wage Order, Section 11, as all other applicable wage orders,

19    provides: "(A) No employer shall employ any person for a work period of more than five (5) hours

20    without a meal period of not less than 30 minutes, except that when a work period of not more than

21    six (6) hours will complete the day's work the meal period may be waived by mutual consent of the

22    employer and the employee.  Unless the employee is relieved of all duty during a 30-minute meal

23    period, the meal period shall be considered an 'on duty' meal period and counted as time worked.  An

24    'on duty' meal period shall be permitted only when the nature of the work prevents an employee from

25    being relieved of all duty and when by written agreement between the parties an on-the-job paid meal

26    period is agreed to.  The written agreement shall state that the employee may, in writing, revoke the

27    agreement at any time. (B) If an employer fails to provide an employee a meal period in accordance

28    with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay

LAW OFFICE OF CHINA R. ROSAS

1   at the employee's regular rate of compensation for each workday that the meal period is not

2   provided."

3        97.     The applicable IWC Wage Order, Section 12, as all other applicable wage orders,

4   provides "(A) Every employer shall authorize and permit all employees to take rest periods, which

5   insofar as practicable shall be in the middle of each work period. The authorized rest period time

6   shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4)

7   hours or major fraction thereof. However, a rest period need not be authorized for employees whose

8   total daily work time is less than three and one-half (3 1/2) hours. Authorized rest period time shall

9   be counted as hours worked for which there shall be no deduction from wages. (B) If an employer

10  fails to provide an employee a rest period in accordance with the applicable provisions of this order,

11  the employer shall pay the employee one (1) hour of pay at the employee's regular rate of

12  compensation for each workday that the rest period is not provided."

13       98.     California Labor Code Section 226.7 provides: "(b) An employer shall not require an

14  employee to work during a meal or rest or recovery period mandated pursuant to an applicable

15  statute, or applicable regulation, standard, or order of the Industrial Welfare Commission, . . . . (c) If

16  an employer fails to provide an employee a meal or rest or recovery period in accordance with a state

17  law, including, but not limited to, an applicable statute or applicable regulation, standard, or order of

18  the Industrial Welfare Commission, . . . the employer shall pay the employee one additional hour of

19  pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery

20  period is not provided.

21       99.     At all times herein mentioned, Plaintiff was a non-exempt employee and subject to the

22  rest break and meal periods provisions set forth above. Due to DEFENDANT EMPLOYERS' and

23  DOES 1-25's policies and procedures, Plaintiff was not authorized to take nor was he provided with

24  rest breaks in accordance to California law. Plaintiff regularly worked more than three and one-half

25  hours in a day without being authorized and permitted to take two, 10-minute rest periods in which he

26  was relieved of all duties per four hours or major fraction thereof. Plaintiff was also not provided

27  with all meal periods as required by California law. Plaintiff regularly worked in excess of five (5)

28  hours per day without being afforded at least a half-hour uninterrupted meal period in which his was

LAW OFFICE OF CHINA R. ROSAS

1    relieved of all duties.  DEFENDANT EMPLOYERS and DOES 1-25 did not pay Plaintiff wages in

2    lieu of said rest and meal periods.

3        100.    On information and belief, DEFENDANT EMPLOYERS and DOES 1-25 also failed

4    to pay meal and rest period premiums.  This failure to pay meal and rest period premiums was done

5    willfully, in bad faith, and in knowing violation of the California Labor Code and the applicable IWC

6    order.

7        101.    DEFENDANT EMPLOYERS' and DOES 1-25's unlawful conduct alleged herein

8    occurred in the course of employment of Plaintiff.  Because Defendants failed to afford and authorize

9    all proper rest breaks or meal periods required by California law or wages in lieu thereof, they are

10   liable to Plaintiff for one hour of additional pay at the regular rate of compensation for each workday

11   that the proper break period was not provided, pursuant to Labor Code §§ 226.7, 512, and Wage

12   Order No. 4-2001, in an amount according to proof.  Wherefore, Plaintiff prays for judgment as more

13   fully set forth below.

**TENTH CAUSE OF ACTION**
**FAILURE TO PRODUCE ADEQUATE WAGE STATEMENT RECORDS –**
**CAL. LABOR CODE § 226(A)-(C), (F), (H) AND APPLICABLE IWC WAGE ORDER**
**(Against All Defendants)**

17       102.    Plaintiff repeats and re-alleges each and every allegation contained in all previous and

18   subsequent paragraphs of this Complaint, and incorporates the same by reference as though fully set

19   forth herein.

20       103.    Under California Labor Code Sections 226(a)-(c), (f) & (h), California employers must

21   provide an employee or former employee either a "duplicate" of the itemized statement provided to

22   an employee or a "computer-generated record" that accurately shows all of the information required

23   by § 226(a) within 21 days after a request, or permit the employee to inspect those records.

24       104.    The applicable IWC Wage Order, Section 7 provides, in relevant part, that "(C) All

25   required records shall be in the English language and in ink or other indelible form, properly dated,

26   showing month, day and year, and shall be kept on file by the employer for at least three years at the

27   place of employment or at a central location within the State of California.  An employee's records

28   shall be available for inspection by the employee upon reasonable request."

LAW OFFICE OF CHINA R. ROSAS

105.     On or about July 3, 2018, Plaintiff via counsel made a specific, written request to the Defendants for right to inspect and receive a copy of Plaintiff's itemized wage statements in accordance with the provisions of California Labor Code Section 226. After not receiving a response, on or about September 16, 2018, Plaintiff via counsel made another specific, written request for the same documents.

106.     On or about September 18, 2018, Defendants produced certain payroll records for Plaintiff that failed to satisfy the "copy" or "electronic record" requirements of California Labor Code Section 226, among other things. Defendants did not produce versions of Plaintiff's wage statements which were duplicate copies of the statements provided to Plaintiff. In fact, no wage statements were produced at all. In addition, Defendants failed to produce a "computer-generated record" that accurately showed all of the information required by Section 226.

107.     Instead, Defendants produced a record titled "Robertson's Claim Department Employment and Wage Information" which did not comply with Section 226 recordkeeping requirements. This document only listed gross weekly earnings from the payroll paid date of 11/23/2016 to 11/14/2017 (rather than the entirely of the preceding three years from when the records inspection request was made) along with some other information which failed to satisfy Section 226's requirements. In other words, the document failed to list total hours worked by the employee, all deductions, net wages earned, the inclusive dates of the period for which the employee is paid, the address of the legal entity that is the employer, all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee, among potentially other missing information.

108.     Defendants also failed to produce Section 226 records related to periods of employment preceding the payroll paid date of November 23, 2016. In other words, Defendants also failed to produce compliant records from on or about 2015 through Nov. 2016.

109.     On or about September 22, 2018, Plaintiff via counsel followed up in writing regarding his missing flies and did not receive any further production.

110.     This failure to produce accurate records was in violation of California Labor Code Sections 1198.5(a) and (b), as well as, the applicable IWC Wage Order, Section 7.

LAW OFFICE OF CHINA R. ROSAS

111.    Pursuant to California Labor Code Section 226(f), Plaintiff requests that the Court award to Plaintiff a $750 penalty for failure by an employer to permit a current or former employee to inspect or copy records within the time set forth in California Labor Code Section 226(c).

112.    Pursuant to California Labor Code Section 226(h), Plaintiff requests that the Court grant the Plaintiff injunctive relief to ensure compliance with this section and an award Plaintiff reasonable attorneys' fees and costs incurred by him in this action.

113.    Wherefore, Plaintiff prays for judgment as more fully set forth below.

114.

## ELEVENTH CAUSE OF ACTION
## FAILURE TO PRODUCE EMPLOYMENT PERSONNEL RECORDS
## (CAL. LABOR CODE § 1198.5(A)-(B), (K), (L) AND APPLICABLE IWC WAGE ORDER)
### (Against All Defendants)

115.    Plaintiff repeats and re-alleges each and every allegation contained in all previous and subsequent paragraphs of this Complaint, and incorporates the same by reference as though fully set forth herein.

116.    California Labor Code Section 1198.5(a) provides, to all current or former California employees, "the right to inspect and receive a copy of the personnel records that the employer maintains relating to the employee's performance or to any grievance concerning the employee."

117.    California Labor Code Section 1198.5(b) requires California employers to ". . . make the contents of those personnel records available for inspection to the current or former employee, or his or her representative, at reasonable intervals and at reasonable times, but not later than 30 calendar days from the date the employer receives a written request . . . Upon a written request from a current or former employee, or his or her representative, the employer shall also provide a copy of the personnel records, at a charge not to exceed the actual cost of reproduction, not later than 30 calendar days from the date the employer receives the request . . . ."

118.    The applicable IWC Wage Order, Section 7 provides, in relevant part, that "(A) Every employer shall keep accurate information with respect to each employee including the following: . . . (3) Time records showing when the employee begins and ends each work period.  Meal periods, split shift intervals and total daily hours worked shall also be recorded . . . (4) Total wages paid each payroll period, including value of board, lodging, or other compensation actually furnished to the

employee.  (5) Total hours worked in the payroll period and applicable rates of pay.  This information shall be made readily available to the employee upon reasonable request.  (6) When a piece rate or incentive plan is in operation, piece rates or an explanation of the incentive plan formula shall be provided to employees. An accurate production record shall be maintained by the employer . . . . (C) All required records shall be in the English language and in ink or other indelible form, properly dated, showing month, day and year, and shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California. An employee's records shall be available for inspection by the employee upon reasonable request." Cal. Code Regs., tit. 8, § 11040.

119.   On or about July 3, 2018, Plaintiff made a specific, written request to Defendants for right to inspect and receive a complete copy of his personnel file and other employment related documents pursuant to California Labor Code §§ 226, 432 and 1198.5 and/or the applicable IWC Wage Order.   After not receiving a response, on or about September 16, 2018, Plaintiff made another specific, written request to the Respondents for right to inspect and receive a complete copy of his personnel file and other employment related documents pursuant to California Labor Code §§ 226, 432 and 1198.5. On or about September 18, 2018, Defendants produced certain employment and personnel records which failed to satisfy Section 226 (see above) and Section 1198.5. On or about September 22, 2018, Plaintiff followed up in writing regarding his missing flies and did not receive any further production.

120.   In addition to missing payroll records required under California Labor Code Section 226, Defendants also failed to produce all employment records under California Labor Code Section 1198.5 including, but not limited to:  Any and all grievances made against him, investigation files related to complaints by or against Complainant, performance reviews, and personnel files related to his status as a temporary employee (from on or about February 2015 to July 2017).

121.   Plaintiff made this request in writing via email and U.S. Mail.  Defendants failed to produce complete records within the time required by Labor Code §§ 226 and/or 1198.5 which entitles Complainant to recover penalties.

122.    This failure to adequately produce personnel records was in violation of California Labor Code §§ 1198.5(a) and (b), as well as, the applicable IWC Wage Order, § 7.

123.    Pursuant to California Labor Code Section 1198.5(k), Plaintiff requests that the Court award to Plaintiff a $750 penalty for failure by an employer to permit a current or former employee to inspect or copy records within the time set forth in California Labor Code Section 1198.5(b).

124.    Pursuant to California Labor Code Section 1198.5(l), Plaintiff requests that the Court grant the Plaintiff injunctive relief to ensure compliance with this section and an award Plaintiff's reasonable attorneys' fees and costs incurred by him in this action.  Wherefore, Plaintiff prays for judgment as more fully set forth below.

**TWELFTH CAUSE OF ACTION**
**UNLAWFUL AND UNFAIR BUSINESS PRACTICES –**
**VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTIONS 17200 ET SEQ.**
**(Against All Defendants)**

125.    Plaintiff repeats and re-alleges each and every allegation contained in all previous and subsequent paragraphs of this Complaint, and incorporates the same by reference as though fully set forth herein.

126.    During the Class period and at all other times relevant in this complaint, Defendant's practices, as alleged above, have been and continue to be unfair, fraudulent and illegal, and harmful to Plaintiff, the rest of the Class members and the general public.  Defendant's above-alleged practices constitute violations of Business and Professions Code Sections 17200 et seq.  Specifically, a practice that violates any state law or regulation may constitute the basis of an unlawful business practice prohibited by Business and Professions Code Sections 17200 et seq.

127.    Among other things, the following practices of Defendant, as alleged above, constitute unfair business practices:

a.      Defendants' failure to pay wages for regular hours worked to Plaintiff and the Class, as required by Labor Code Section 204;

b.      Defendants' failure to pay minimum wages to Plaintiff and the Class, as required by Labor Code Section 1197 and the IWC's General Minimum Wage Order;

LAW OFFICE OF CHINA R. ROSAS

c.      Defendants' failure to pay overtime wages to Plaintiff and the Class, as required by Labor Code Section 1197 and the applicable IWC Wage Order.

d.      Defendants' knowing and intentional failure to provide accurate and complete wage statements to Plaintiff and the Class, as required by Labor Code Section 226(a);

e.      Defendants' willful failure to pay unpaid wages to Plaintiff and the Class immediately upon discharge or within seventy-two (72) hours of the Class member quitting.

f.      Defendants' failure to produce adequate wage statement records Plaintiff in violation of Section 226 of the Labor Code;

g.      Defendants' failure to produce employment personnel records to Plaintiff in violation of Section 1198.5 of the Labor Code

h.      Defendants' failure to pay Plaintiff rest and meal break premiums in violation of the Labor Code.

128.    Through the conduct alleged herein, Defendants obtained an unlawful competitive advantage by engaging in unlawful, unfair, fraudulent, and deleterious business practices in violation of Business and Professions Code Sections 17200 et seq., depriving Plaintiff and other class members, who was injured in fact, of the rights, benefits, and privileges guaranteed to employees under California law, and also allowing Defendants to compete unlawfully in the marketplace.

129.    Competitors of Defendants are likely to be unfairly disadvantaged by the business acts and practices of Defendants.  Consequently, the harm to Plaintiff, the Class and/or to Defendants' competitors outweighs the utility of Defendant's business acts and practices.

130.    Plaintiff and the Class have suffered injury in fact, lost money or property because of the aforementioned unfair competition and, as such, seek restitution and any other remedies permitted by law from Defendants.

131.    As a result of their improper acts, Defendants have reaped and continue to reap unfair benefits and illegal profits at the expense of Plaintiff, which include but are not limited to failure to comply with numerous state and federal statutes and regulations governing the wages, hours, and working conditions of employees.

132. Defendants should be made to disgorge these ill-gotten gains and restore to Plaintiff and the Class wrongfully withheld wages, pursuant to California Business and Professions Code Sections 17202 and/or 17203. Under Business and Professions Code Sections 17200 et seq., Plaintiff and the Class are entitled to obtain restitution of these funds as set forth herein and an injunction prohibiting Defendants' further unlawful acts.

133. Accordingly, pursuant to Business and Professions Code Section 17200 et seq., Plaintiff and other Class members are entitled to restitution of wages and other property held by Defendanst.

134. Plaintiff meets the standing requirements for seeking relief pursuant to Business and Professions Code Section 17203, in that they have suffered injury in fact and have lost money as a result of Defendants' policies, practices and procedures, as more fully set forth elsewhere in this pleading.

135. Plaintiff also incurred and continue to incur attorneys' fees and legal expenses in an amount according to proof at the time of trial and for which they seek compensation pursuant to law including but not limited to California Code of Civil Procedure Section 1021.5. WHEREFORE, Plaintiff prays for judgment as set forth below.

### THIRTEENTH CAUSE OF ACTION
### FOR REPRESENTATIVE ACTION UNDER PAGA
### (Against all Defendants)

136. Plaintiff repeats and re-alleges each and every allegation contained in all previous and subsequent paragraphs of this Complaint, and incorporates the same by reference as though fully set forth herein.

137. This is also a wage and hour representative action filed pursuant to the California Private Attorneys General Act of 2004 ("PAGA"), §§ 2698, 2699 generally consists of the following group: *All persons Defendants employed (former and current) in the State of California during the representative period.* All members of the represented groups will be referred to as the "PAGA Representative Employees" or "aggrieved employees."

138. The "PAGA Representative Period" refers to the timeframe in which the scope of the PAGA statute allows Plaintiff to recover wages and penalties in an individual or representative capacity as part of a PAGA action.

139. On information and belief, current and former employees of Defendants were subject to wage and hour violations by Defendants, including failing to be paid for all wages due and other Labor Code violation as described herein.

140. California law provides that an employee may file an action against an employer to recover penalties for violations of the Labor Code and Wage Orders provided the aggrieved employee files an action on behalf of him or herself and similarly-situated current and former employees.

141. At all material times, Defendants were and/or are PAGA Representative Employees' employers or persons acting on behalf of PAGA Representative Employees' employer, within the meaning of California Labor Code § 558, who violated or caused to be violated, a section of Part 2, Chapter 1 of the California Labor Code or any provision regulating hours and days of work in any Order of the Industrial Welfare Commission and, as such, are subject to penalties for each underpaid employee as set for in Labor Code § 558.

142. As set forth in further detail below, because of the analysis and investigation of the Plaintiff's claims, Plaintiff attorneys sent letters to the California Labor and Workforce Development Agency (hereinafter referred to as "LWDA") and to Defendants informing Defendants of their claims and their intent to pursue litigation under PAGA.

143. Plaintiff has complied with all administrative exhaustion requirements under PAGA Pursuant to law, written notice was provided to the California Labor Workforce Development Agency ("LWDA") on November 13, 2018 (the contents of which notice are incorporated hereby by reference and made a part of the allegations of this pleading) and Defendants of the specific violations of the California Labor Code that Defendants has violated and continue to violate. This notice was also sent to Defendants on November 13, 2018 via United States Postal Service Certified Mail Return Receipt Requested. All other administrative requirements under PAGA were satisfied including the submission the $75 filing fee. As such, the period for filing a PAGA action was tolled for 65-days pursuant to PAGA.

144.   Pursuant to Labor Code § 2699.3, no response was received from the LWDA within 65 days of the postmark date of the above-alleged letter.

145.   Plaintiffs have exhausted all administrative procedures required of them under PAGA and Labor Code §§ 2698, 2699, and 2699.3, and, as a result, are justified as a matter of right in bringing forward this cause of action and are entitled to pursue penalties in a representative action for Defendants' violations of the Labor Code.

146.   Pursuant to Labor Code § 2699, any provision of the Labor Code that provides for a civil penalty to be assessed and collected by the LWDA or any of its departments, divisions, commissions, boards, agencies or employees for violation of the code may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Labor Code § 2699.3.

147.   Plaintiff is an "aggrieved employee," because Plaintiff was employed by the alleged violator and had one or more of the alleged violations committed against Plaintiff, and therefore is properly suited to represent the interests of other current and former Represented Employees.

148.   Because of the acts alleged above, Plaintiffs seek penalties under Labor Code §§ 2698 and 2699 because of Defendants' violation of numerous provisions of the California Labor Code as alleged in this Complaint.

149.   Labor Code § 2699, *et seq.* imposes upon Defendants, and each of them, penalties for violating Cal. Labor Code §§ 201-203, 206, 208, 210, 216, 222, 225.5, 226, 226.3, 226.7, 227.3, 233, 234, 246.5, 432, 510, 512, 558, 558.1, 1193, 1193.6, 1194, 1194.2, 1197, 1197.1, 1198.5,1199, 2810.5 and/or IWC Order No. 16, at §§ 3, 4, 6, 10 and 11 which are recoverable under Cal. Labor Code § 2699 et seq., and any additional Labor Code or Wage Order violations that are like or reasonably related to these violations which may be uncovered through future discovery and investigation all of which are recoverable under Cal. Labor Code § 2699 et seq., on Plaintiff's own behalf and on behalf of the PAGA Representative Employees.

150.   Labor Code § 558 establishes a civil penalty as follows:  Any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare

LAW OFFICE OF CHINA R. ROSAS

Commission (including the "Hours and Days of Work" section of the Wage Order) shall be subject to a civil penalty of (1) for any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages; (2) for each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages; and (3) wages recovered pursuant to this section shall be paid to the affected employee

151. Plaintiff seek penalties for Defendants' conduct as alleged herein as permitted by law.

152. Specifically, Plaintiff seeks penalties under Labor Code § 2699, for the following in addition to those Code provisions mentioned in this Cause of Action as noted below and described in Plaintiff's November 13, 2019 PAGA Notice.

a. Failure to Pay Minimum Wage, Regular Wages, Overtime for All Hours Worked -Cal. Labor Code §§ 203, 510, 1193, 1193.6 1194, 1194.2, 1197, 1197.1 and/or IWC Wage Order No. 16 at §§ 3, 4.

b. Failure to Pay at Place of Discharge - Cal. Labor Code § 208.

c. Failure to Provide Lawful Rest Breaks/Meal Breaks or Wages in Lieu Thereof - Cal. Labor Code §§ 226.7, 512 and IWC Wage Order No. 16 at §§ 10 and 11.

d. Waiting Time Violations - Cal. Labor Code §§ 201-203, 210, 216, 222, 227.3, 1199.

e. Failure to Maintain and/or Produce Adequate Wage Statement Records - Cal. Labor Code §§ 226, 226.3 and/or IWC Wage Order No. 16 at § 6.

f. Failure to Furnish Accurate Itemized Wage Statements - Cal. Labor Code § 226, 226.3; Cal. IWC Wage Order No. 16, § 6.

g. Failure to Produce Complete Personnel Files, Payroll and Time Records - Cal. Labor Code §§ 226, 432, 1198.5 and/or IWC Wage Order No. 16 at § 6.

153. Plaintiff, on behalf of himself and the other Representative Employees also seek to recover pursuant to Cal. Labor Code § 225.5 which provides that every person who unlawfully withholds wages due any employee in violation of Section 216 and 222 is subject to a civil penalty.

154.     Plaintiff, on behalf of himself and PAGA Representative Employees also seeks to recover pursuant to Cal. Labor Code § 558, which provides that liability can be attributed to DEFENDANT EMPLOYER and those causing violations of Cal. Labor Code §§ 500-556 ("a section of this chapter") and IWC Wage Order provisions.  This includes the Wage Order sections listed above.

155.     Plaintiff, on behalf of himself and PAGA Representative Employees also seeks to recover pursuant to Cal. Labor Code § 558.1 which provides that liability can be attributed to DEFENDANT EMPLOYER and those causing violations of Cal. Labor Code §§ 203, 226, 226.7, 1193.6, 1194 and 2802, among other statutes.

156.     Plaintiff, on behalf of himself and PAGA Representative Employees also seeks to recover pursuant to Cal. Labor Code § 1197.1, which provides that liability can be attributed to DEFENDANT EMPLOYER and those causing an employee to be paid less than minimum wage.

157.     Pursuant to Labor Code § 2698, et seq., Plaintiff seeks to recover attorney's fees, costs, civil penalties, and wages on behalf of Plaintiff and other current and former PAGA Representative Employees as alleged herein in an amount to be shown according to proof at trial and within the jurisdictional limits of this Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

1.     For an order certifying this action as a class action;

2.     For compensatory damages in the amount of the unpaid minimum wages for work performed by Employees and unpaid overtime compensation from at least four (4) years prior to the filing of this action, as may be proven;

3.     For liquidated damages in the amount equal to the unpaid minimum wage and interest thereon, from at least four (4) years prior to the filing of this action, according to proof;

4.     For compensatory damages in the amount of all unpaid wages, including overtime and double-time pay, as may be proven;

LAW OFFICE OF CHINA R. ROSAS

5. For compensatory damages in the amount of the hourly wage made by Plaintiff for each missed or deficient meal period where no premium pay was paid therefor from four (4) years prior to the filing of this action, as may be proven;

6. For compensatory damages in the amount of the hourly wage made by Plaintiff for each day requisite rest breaks were not provided or were deficiently provided where no premium pay was paid therefor from at least four (4) years prior to the filing of this action, as may be proven;

7. For maximum civil penalties that are available under the California Labor Code and applicable IWC Wage Order as described more particularly in this Complaint;

8. For penalties or actual damages, whichever is greater pursuant to Labor Code§ 226(e) for Plaintiff and the Class, as may be proven;

9. For a penalty in the amount of $750 for failure to produce adequate wage statement records to Plaintiff under California Labor Code Section 226(f);

10. For a penalty in the amount of $750 for failure to produce all employment personnel records to Plaintiff under California Labor Code Section 1198.5(k);

11. For restitution and/or damages for all amounts unlawfully withheld from the wages for all class members in violation of Labor Code§ 221, as may be proven;

12. For penalties pursuant to Labor Code§ 203 for all Employees who quit or were fired in an amount equal to their daily wage times thirty (30) days, as may be proven;

13. For disgorgement and restitution pursuant to Business and Professions Code Sections 17200 et seq. in an amount equivalent to the amounts unjustly earned or retained by Defendants by virtue of their engaging in violations of the Unfair Competition Law, according to proof at trial;

14. For an order enjoining Defendants and their agents, servants, and employees, and all persons acting under, in concert with, or for them, from acting in derogation of any rights or duties adumbrated in this Complaint;

15. For civil penalties pursuant to PAGA.

16. For wages and penalties under Labor Code, as may be proven;

17. For general, special, actual, compensatory, incidental and/or nominal damages, as against Defendants, and each of them, according to proof at trial;

36

Complaint

18.     For front and back pay and other benefits that Plaintiff would have been afforded but-for Defendants, and each of their unlawful conduct, according to proof at trial;

19.     For punitive damages against all Defendants in an amount to be determined at trial sufficient to punish, penalize and/or deter Defendants, and each of them, from further engaging in the conduct described herein, and to deter others from engaging in the same or similar acts, according to proof at trial;

20.     For an award of pre-judgment and post-judgment interest;

21.     For reasonable attorneys' fees and costs, including expert witness fees, where appropriate, pursuant to, without limitation, California Labor Code Sections 218.5, 226, 1194, 1198.5, 2699 and the California Government Code, California Code of Civil Procedure Section 1021.5, and/or other applicable law relevant to this Complaint; and

22.     For such other and further relief as this Court may deem proper and just.

Respectfully submitted,

DATED:  January 18, 2019          **LAW OFFICE OF CHINA R. ROSAS**

By: _____

CHINA R. ROSAS
Attorney for PLAINTIFF FERNANDO SORIANO
and all others similarly situated

## JURY TRIAL DEMAND

PLAINTIFF hereby reiterates his demand for his constitutional right to trial by jury for all triable issues in the above–titled action.

Respectfully submitted,

DATED:  January 18, 2019          **LAW OFFICE OF CHINA R. ROSAS**

By: _____

CHINA R. ROSAS
Attorney for PLAINTIFF FERNANDO SORIANO
and all others similarly situated

37

Complaint